IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

ROSELYNN NICE,

        Plaintiff,

v.                                     Civil Action No. 2:23-CV-7
                                     (JUDGE KLEEH)

THERESA TURNER,

        Defendant.

**REPORT AND RECOMMENDATION AFTER INITIAL SCREENING
RECOMMENDING PLAINTIFF'S COMPLAINT, ECF NO. 1, BE DISMISSED**

On May 3, 2023, *pro se* Plaintiff Roselynn Nice ("Plaintiff") filed a Complaint, [ECF No. 1], in this Court against Defendant Theresa Turner,[1] in conjunction with Motion for Leave to Proceed *in forma pauperis* including an Application and Affidavit to Proceed Without Prepayment of Fees, [ECF No. 2]. Thereafter, this Court, by Chief District Court Judge Thomas S. Kleeh, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise." [ECF No. 4].

Upon review, having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned respectfully submits the following Report and Recommendation and **RECOMMENDS** that Plaintiff's Complaint, [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE** by the District Court due to lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

---

[1] Based upon the name, address, and context provided by the Plaintiff, the undersigned believes the named Defendant Theresa Turner to be Theresa Cogar Turner, Family Court Judge for the Seventeenth Family Court Circuit in West Virginia, which includes Braxton, Lewis, and Upshur Counties. *See Judge Theresa Cogar Turner*, THE WEST VIRGINIA JUDICIARY, http://www.courtswv.gov/public-resources/press/familycourtJudgesMasterList2017.html#theresaTurner (last visited May 8, 2023).

## I. PROCEDURAL HISTORY

On May 3, 2023, *pro se* Plaintiff Roselynn Nice filed a Complaint in this Court against Defendant Theresa Turner, [ECF No. 1], and a Motion and Application to Proceed Without Prepayment of Fees and Affidavit, [ECF No. 2]. On the same day, the Clerk of Court sent Plaintiff a Notice of General Guidelines for Appearing Pro Se in Federal Court. [ECF No. 3].

In the Complaint, Plaintiff claims: "said wrongdoer" Theresa Turner "trespass[ed] upon my property;" "the trespass did and does harm and injury to my property;" "the commencement of the wrong and harm began on December 20, 2022;" "the wrong and harm continues to this day May 3, 2023;" "[I], require compensation for the initial and continual trespass upon my property;" and proper "compensation due" equates to one hundred and thirty four thousand dollars ($134,000). [ECF No. 1 at 1]. Plaintiff later writes "In no way does this affect my claim in any way; this is a claim not a complaint; I will say here and verify in open court all herein be true." [ECF No. 1 at 2].

Plaintiff describes the claim as a "trespass" or "robbery," [ECF No. 1 at 1], and "property damage[.]" [ECF No. 1-1 at 1]. On the civil cover sheet, Plaintiff provides that she is a resident of Randolph County, West Virginia, and Defendant is a resident of Upshur County, West Virginia. [ECF No. 1-1 at 1]. Plaintiff provides the following address for Defendant: "Theresa Turner, Upshur County Family Court, 38 W. Main Street Buckhannon, West Virginia 26201."[2] [ECF No. 1-2 at 1].

In addition to the Complaint, Plaintiff provided to the Court several exhibits, including (1) Letter to Defendant Theresa Turner, [ECF No. 1-3 at 1], stating "I require an order to be given to restore my property" regarding case 22-D-107[3]; (2) Letter to Guardian Ad Litem, [ECF No. 1-3 at 2]; (3) Picture Labelled "Property" – that is, a picture of an unknown minor child, [ECF No. 1-3 at 3]; (4) Second Letter to Defendant Theresa Turner, [ECF No. 1-3 at 4]; (5) Third Letter to Defendant Theresa Turner (stating "By way of an order you took . . . my daughter and placed her in the custody of others. Can you tell me why? Are you enjoying it?"), [ECF No. 1-3 at 5]; and (6) Fourth Letter to Theresa Turner, [ECF No. 1-3 at

---

[2] *See supra* n. 1.
[3] *See supra* n. 1.

6].

Plaintiff also provided a written statement:

[I], Roselynn Nice, claim the wrongdoing of trespass against my property; my lawful basis is that [I] require the use of this venue as a court of record to seat a jury in which we move my claim before to determine and render a verdict as t who has the lawful right to tend and/or ministrate [sic] my property; there is no law that exists which binds [I] to the wrongdoer; since there is no law that exists, which binds [I] to the wrongdoer, is there any law that says that jurisdiction has control over [I]; is there a contract?; is there something that binds I to the wrongdoer; no, [I] have no idea who Theresa Turner is, [I] have never seen Theresa Turner before in my life; Theresa Turner just manifested into my life ne day and [I] have no clue what Theresa Turner is doing in my life; [I] want Theresa Turner gone; [I] require the delivery of said property to be at my jurisdiction no later than May 6, 2023; [I] will place a charge of $1,000.00 dollars per day per said trespasser for any failure in the restoration of property on said date; if the placement of all said property does occur on and/or before May 6, 2023, [I] will forgive those who trespass of their debt as I would wish others to forgive my trespass or debts[.]

[ECF No. 1-3 at 7].

On May 4, 2023, this Court, by the Honorable Thomas S. Kleeh, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."  [ECF No. 4].

## II. LEGAL STANDARDS

### A.  Jurisdiction

Generally, only two types of cases can be heard in federal court: cases involving diversity of citizenship of the parties and cases involving a federal question. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019)(citing *Exxon Mobil Corp.*, 125 S.Ct. 2011).

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Federal question jurisdiction applies when the Plaintiff's *civil action* arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] suit arises under the law that creates

the cause of action." *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 (2020) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).

Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. *See Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 659 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to"). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir.2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 130 S.Ct. at 1194; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.2010).

A district court "<u>must</u> dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." Fed. R. Civ. P. 12(h)(3) (emphasis added); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

**B.  Initial Screening Pursuant to 28 U.S.C. § 1915**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process.

*See Portee v. United States Dep't of Agric.*, No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016)(Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016)(Johnston, J.).

The purpose of this Section is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. *See also Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995)(initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); *Whitehead v. Paramount Pictures Corp.*, No. 1:08CV792 AJTTRJ, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom. Whitehead v. Paramount Pictures, Inc.*, 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal).

Although it is well-established that a *pro se* litigant is entitled to a liberal construction of his pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the principles requiring liberal construction of *pro se* pleadings are not without limits. Gordon v. Leeks, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. *Id.* Therefore, because the Court cannot act as an advocate for the plaintiff, her claims can only be considered under the legal bases expressly set forth by her in this case.

## II.  ANALYSIS

### A.  Dismissal is RECOMMENDED because there is no subject matter jurisdiction.

#### 1.  *Diversity of Citizenship*

While this action involves an amount-in-controversy exceeding $75,000, Plaintiff has not advanced

5

that there is diversity of citizenship among the parties as is also required by 28 U.S.C. § 1332(a)(1). Plaintiff concedes that she is a resident of Randolph County, West Virginia, and the Defendant is a resident of Upshur County, West Virginia. [ECF No. 1-1 at 1]. Because Plaintiff concedes that all the named parties are West Virginia citizens, complete diversity of citizenship of the parties is not satisfied. [ECF No. 1-1 at 1; 1-2 at 1]. Accordingly, the undersigned finds there is no diversity jurisdiction as to allow this Court to hear Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1).

### 2. *Federal Question*

Again, in order to maintain federal question jurisdiction under 28 U.S.C. § 1331, a civil action must arise "under the Constitution, laws, or treaties of the United States." Plaintiff has not made any allegations of actions or omissions by Theresa Turner arising under the Constitution, laws, or treatises of the United States nor has she advanced a constitutional, statutory, or treaty theory for why this Court might have jurisdiction over this matter. [ECF No. 1]; *see Healy*, 237 U.S. 479.

The undersigned, having reviewed Plaintiff's Complaint and related documents, [ECF No. 1, *et seq.*], finds that the facts are ambiguous and unclear at best. Reading Plaintiff's *pro se* filings most liberally, Plaintiff Roselynn Nice is alleging that Defendant Theresa Turner unlawfully trespassed and robbed Plaintiff of personal property, including during child custody proceedings in West Virginia State Case No. 22-D-107, and Plaintiff Roselynn Nice claims she is owed compensation of approximately one hundred and thirty-eight thousand dollars ($138,000). [ECF No. 1].

This action appears to relate to a West Virginia family, a *guardian ad litem*, and a family court judge in proceedings before the Family or Circuit Court of Upshur County, West Virginia. [ECF No. 1]. For the most part, federal intervention into state court matters is strongly discouraged. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) "[U]nder the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify [a state court] judgment for errors of [Constitutional] character.");  *District of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983); and *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002)(quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where

entertaining the federal claim should be the equivalent of an appellate review of the state court order.'"")).

In sum, the undersigned **FINDS** subject matter jurisdiction cannot be sustained based upon the Complaint because there is not complete diversity of the parties, there is no federal question jurisdiction alleged, and there is no other basis for jurisdiction provided. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint, [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE**.

**B.   Even if this Court had subject matter jurisdiction, the Complaint fails to state a complaint upon which relief may be granted.**

Again, the undersigned **FINDS** this Court is without jurisdiction and recommends dismissal without prejudice as soon as is practicable. However, even if this Court had subject matter jurisdiction, Plaintiff's Complaint, as currently written,[4] is without foundation in fact and does not set forth a cognizable claim. Plaintiff does not describe the personal property that was taken, nor does she describe how it was damaged or how she had been harmed by such property damage. [ECF No. 1]. Plaintiff does not describe the relationship between herself and Defendant, nor does she outline any acts or omissions by Defendant which lead to her alleged property robbery, trespass, or damage. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims against her or the precise relief sought.

Because of the lack of any factual allegations describing acts, omissions, or wrongdoing by the Defendant, the undersigned **FINDS** that, even if this Court were to find subject matter jurisdiction, the Complaint fails to state a claim upon which relief may be granted. After performing an initial screening *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2), the undersigned **CONCLUDES** and **RECOMMENDS** Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction as well as failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the above reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint

---

[4] The undersigned would note that, under Rule 15(a) of the Federal Rules of Civil Procedure, depending on the circumstances, parties may amend their pleadings as a matter of course, with the opposing party's written consent, or upon motion and with permission from the Court.

[ECF No. 1] be **DISMISSED without prejudice** for lack of subject matter jurisdiction as well as failure to state a claim upon which relief may be granted.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit copies of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is so **RECOMMENDED.**

**Respectfully submitted this May 10, 2023.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

8